## (December 31, 1964)

■ RUDIN BERGEN, Respondent-Appellant, v. EAST 84TH STREET CONSTRUCTION CORP., Appellant-Respondent, and JOSEPH PALLADINO & CO., INC., Respondent.—In a negligence action to recover damages for personal injury sustained by plaintiff while working as a lather in a two-family house in the course of construction, when one of the planks in a wooden scaffold or platform on which he was standing broke, causing him to fall down through an unguarded stairwell opening, into the basement immediately below — a distance of some 12 feet, the parties cross-appeal as follows from a judgment and order of the Supreme Court, Kings County, entered respectively February 20, 1964 and February 13, 1964, after a jury trial: (1) Defendant East 84th Street Construction Corp., the general contractor, appeals from the judgment which awarded to plaintiff against it the sum of $16,500 plus interest and costs; dismissed its cross complaint against defendant Joseph Palladino & Co., Inc., a subcontractor; and dismissed the plaintiff's complaint against said subcontractor. The said general contractor also appeals from the order which denied its motion to set aside the jury's verdict against it and for a new trial. (2) The plaintiff appeals from the judgment on the ground that the amount awarded was inadequate; plaintiff also appeals from an order denying his motion to set aside the jury's verdict as inadequate and for a new trial upon the issue of damages. Judgment, insofar as appealed from by the defendant East 84th Street Construction Corp., affirmed, with separate bills of costs to the plaintiff and to the defendant Joseph Palladino & Co., Inc., against the defendant East 84th Street Construction Corp. Appeals by the defendant East 84th Street Construction Corp. from the order denying its motion to set aside the verdict; by the plaintiff from an order denying his motion to set aside the verdict; and by the plaintiff

from the judgment, dismissed, without costs. Such appeals appear to have been abandoned. In addition, the record fails to contain any order denying plaintiff's said motion. In our opinion: (a) the proof in this case presented issues of fact as to plaintiff's contributory negligence, as to the negligence of the general contractor, and as to whether the negligence of the general contractor was the proximate cause of the injuries sustained by the plaintiff; and (b) the trial court properly submitted all of such issues to the jury for its determination. Beldock, P. J., Kleinfeld and Hill, JJ., concur; Brennan and Hopkins, JJ., concur as to the dismissal of the several appeals, but dissent as to the affirmance of the judgment on the appeal by the general contractor, defendant East 84th Street Construction Corp., and vote to reverse the judgment and to dismiss the complaint as to said defendant, with the following memorandum: In our opinion, based on the undisputed facts in this record, it must be held as matter of law: (1) that plaintiff was guilty of contributory negligence (*Nucci v. Warshaw Constr. Corp.*, 12 N Y 2d 16, 19; *Warnecke v. New York City Housing Auth.*, 21 Misc 2d 636, affd 10 A D 2d 834); (2) that the general contractor did not breach any common-law or statutory duty which it owed to the plaintiff; and (3) that, in any event, the existence of the open unguarded stairwell was neither the proximate cause of plaintiff's fall nor of the injuries sustained by him as a result of the fall (*Rivera v. City of New York*, 11 N Y 2d 856; *Ranney v. Habern Realty Corp.*, 281 App. Div. 278, affd. 306 N. Y. 820).